IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUPPLEMENT CENTER, LLC; KENNETH AFFOLTER; and M&N DISTRIBUTING LLC,<br><br>    Plaintiffs,<br><br>              v.<br><br>EVOL NUTRITION ASSOCIATES, INC.; JEREMY NICKELS; ANNBIZ LLC; and ASIF NOORANI,<br><br>    Defendants. | Civil Action No.<br>1:18-cv-03633-SDG |

## ORDER

This matter is before the Court on Plaintiffs Supplement Center, LLC, Kenneth Affolter, and M&N Distributing LLC's (collectively, "Plaintiffs") Motion to Dismiss Defendant Evol Nutrition Associates, Inc.'s ("Evol") Counterclaim IV [ECF 21]. For the reasons stated below, the motion is **DENIED**.

### I.   BACKGROUND

This is the second time Plaintiffs have moved to dismiss Evol's false advertising counterclaim. On November 28, 2018, Plaintiffs filed a motion to dismiss all of Defendants' Counterclaims.[1] The Court entered an order on that

---

[1]   ECF 11.

motion on June 17, 2019.[2] In that order, the Court denied Plaintiffs' motion to dismiss Evol's false advertising counterclaim and directed Plaintiffs to Answer the counterclaim within fourteen days.[3] Instead of filing an Answer to the counterclaim as directed, on June 21, 2019, Plaintiffs filed a second motion to dismiss on new grounds.[4]

Plaintiffs' motion is based on an FDA warning letter that Evol received on April 10, 2019.[5] Plaintiffs alleges that the letter amounted to a final determination that Evol's dietary supplement, Sleep Walker, was unlawful.[6] Based on that premise, Plaintiffs asserts that Evol's false advertising counterclaim fails for

---

[2] ECF 20.

[3] *Id*. at 18.

[4] The Court considered whether to sanction Plaintiffs, by finding it in default or otherwise, for failing to comply with the Court's directive to Answer the counterclaim within fourteen days of its June 21 order. If Plaintiffs wished to challenge subject matter jurisdiction, they could have amended their original motion to dismiss after learning of the FDA letter, or they could have done so in conjunction with filing an Answer as directed by the Court's June 21 order, or they could have filed a motion for leave to file a motion to dismiss in lieu of filing an Answer. Ultimately, the Court decided against sanctions because it does not wish to prejudice Plaintiffs for a strategic decision made by their counsel. Plaintiffs are cautioned, however, that future disregards of Court orders will not likely be treated as leniently.

[5] ECF 21-2.

[6] ECF 21-1, at 3.

(1) lack of subject matter jurisdiction; (2) lack of standing; (3) failure to state a cause of action for which relief can be granted; and (4) unclean hands.

## II.    LEGAL STANDARD

"Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991)). Article III of the Constitution limits federal courts to consideration of cases and controversies. U.S. Const. art. III, § 2. The doctrine of standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The Supreme Court has held that standing contains three elements: (1) an actual or imminent injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) likelihood that the injury will be redressed by the court. *Id.* at 560–61.

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley*, 524 F.3d at 1232. The Eleventh Circuit has described facial and factual attacks in this way:

> A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a

> basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.

*Id.* at 1232–33 (internal citations omitted). When the movant raises a factual attack, the district court can dismiss the case for lack of subject matter jurisdiction based on any of the following grounds: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Haygood v. Cmty. & S. Bank*, No. 1:12-cv-295-WSD, 2012 WL 6681732, at *5 (N.D. Ga. Dec. 21, 2012) (quoting *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)).

## III.  DISCUSSION

Here, Plaintiffs raise a factual attack because its jurisdictional challenge is based on extrinsic evidence, namely the FDA warning letter. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003) ("Appellees' motion to dismiss was a factual attack because it relied on extrinsic evidence and did not assert lack of subject matter jurisdiction solely on the basis of the pleadings."). A review of Plaintiffs' motion shows that each argument it puts forward in favor of dismissal is dependent on its unilateral conclusion that the FDA warning letter made a final

determination that Evol's product is illegal. More specifically, Plaintiffs assert that, in order to have standing in a false advertising case, the plaintiff must be a lawful competitor of the defendant.[7] Plaintiffs argue that the warning letter removes Evol's status as a lawful competitor, and, as a result, Evol has no standing to sue and has not suffered "any cognizable injury or damage."[8] Further, Plaintiffs claim that, under the unclean hands doctrine, Evol is not entitled to any injunctive relief because it cannot rely on an illegal product as the basis for its false advertising claim.[9]

The Court disagrees with Plaintiffs' reading of the warning letter. In a related action presently before the Court,[10] Plaintiffs attempted to vacate the consent judgment by making the same unlawfulness argument.[11] In denying Plaintiffs' motion in that action, the Court explained:

> Upon careful review of [Plaintiffs'] evidence, the Court is not persuaded that the Warning Letter or Commissioner Statement extinguishes [Evol's] right to enforce its

---

[7] ECF 21-1, at 4.

[8] *Id.*, at 6–7.

[9] *Id.*, at 7.

[10] *Evol Nutrition Assocs., Inc. v. Supplement Ctr., LLC & Kenneth Affolter*, No. 1:17-cv-01572-SDG (N.D. Ga. May 2, 2017).

[11] ECF 52, Mem. in Support of Def.'s Mot. to Vacate Consent J., *Evol Nutrition Assocs., Inc. v. Supplement Ctr., LLC & Kenneth Affolter*, No. 1:17-cv-01572-SDG (N.D. Ga. May 2, 2017).

> trademark. According to the FDA's Regulatory Procedures Manual, "[a] Warning Letter is informal and advisory. It communicates the agency's position on a matter, but it does not commit the FDA to taking enforcement action. FDA Regulatory Procedures Manual § 4-1-1 (Rev. 04, Apr. 2019) (available at https://www.fda.gov/media/71878/download). Indeed, other courts have found such letters to be informal, advisory, and not compelling action by either the FDA nor the recipient. . . . Considering the preliminary nature of [Evol's] proceedings with the FDA, and that the alleged violation focuses on the branding of [Evol's] product, rather than the product itself, the Court is unwilling, as [Plaintiffs] suggest[s], to take the leap that [Evol] no longer has enforceable trademark rights in its product. Accordingly, the Court denies [Plaintiffs'] Motion to Vacate the Consent Judgment.[12]

The Court's reasoning in the related action has not changed and applies with equal force to Plaintiffs' motion to dismiss in the instant litigation. Plaintiffs have not provided any evidence that shows the FDA has taken additional action beyond the warning letter. Thus, Evol appears to still be in preliminary proceedings with the FDA.

---

[12] ECF 63, Order at 5–6, *Evol Nutrition Assocs., Inc. v. Supplement Ctr., LLC & Kenneth Affolter*, No. 1:17-cv-01572-SDG (N.D. Ga. May 2, 2017) (citing *Holistic Candlers & Consumers Ass'n v. Food & Drug Admin.*, 664 F.3d 940, 944 (D.C. Cir. 2012) ("In short, an FDA warning letter compels action by neither the recipient nor the agency."); *CytoSport, Inc. v. Vital Pharm., Inc.*, 894 F. Supp. 2d 1285, 1294 (E.D. Cal. 2012) ("FDA warning letters are informal and advisory . . . .")).

The preliminary nature of the warning letter is further emphasized by the copy of the warning letter provided by Plaintiffs, which states, "[i]f you believe that your products are not in violation of the Act, include your reasoning and supporting information for our consideration."[13] Therefore, the Court finds that unless or until the FDA takes final action regarding the lawfulness of Evol's product, the arguments raised in Plaintiffs' motion to dismiss necessarily fail. Accordingly, the motion to dismiss is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' motion to dismiss [ECF 21]. The Court **DIRECTS** Plaintiffs to file an Answer to Evol's counterclaim for false advertising within five (5) days of the date of entry of this order.

**SO ORDERED** this the 28th day of January 2020.

Steven D. Grimberg
United States District Court Judge

---

[13] ECF 21-2.